**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 02-2162

VASILIOS MILIOS,

Plaintiff, Appellant,

v.

MASHANTUCKET PEQUOT TRIBAL NATION;
MASHANTUCKET PEQUOT GAMING COMMISSION;
MASHANTUCKET PEQUOT GAMING ENTERPRISE,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy Gertner, <u>U.S. District Judge</u>]

---

Before

Lynch, <u>Circuit Judge</u>,
Campbell, <u>Senior Circuit Judge</u>,
and Howard, <u>Circuit Judge</u>.

---

<u>Edwin T. Scallon</u> for appellant.
<u>Elizabeth Conway</u>, with whom <u>Office of Legal Counsel Mashantucket Pequot Tribe</u>, and <u>Mark R. Kravitz</u>, with whom <u>Wiggin & Dana</u>, were on brief for appellees.

---

March 21, 2003

---

**Per Curiam.**    In September 1998, plaintiff-appellant Vasilios Milios was dealt a royal straight flush while participating in a game known as Caribbean Stud Poker at defendant-appellee Mashantucket Pequot Gaming Enterprise (also known as Foxwoods Casino), which is located on a reservation of defendant-appellee Mashantucket Pequot Tribal Nation.  If Milios had placed a $1 bet prior to being dealt this hand, he would have been entitled to a "progressive jackpot" of more than $158,000.  But casino officials determined that he had not placed such a bet after reviewing a surveillance videotape of the table at which Milios had been playing.  Milios unsuccessfully challenged this determination before defendant-appellee Mashantucket Pequot Gaming Commission, unsuccessfully appealed this ruling, and then unsuccessfully attempted to sue defendants in the Mashantucket Tribal Court under the Indian Civil Rights Act (ICRA), 25 U.S.C. § 1302(8).  Thereafter, he brought the underlying federal court action, asserting that defendants had violated his civil rights under the ICRA and 42 U.S.C. § 1985(2), and had breached common law duties they owed to him.

The district court dismissed Milios's complaint for want of subject matter jurisdiction.  The court first reasoned that it lacked diversity jurisdiction under 28 U.S.C. § 1332 because an Indian tribe is not a citizen of any state.  See Ninigret Development Corp. v. Narragansett Indian Wetuomuck Housing Auth.,

207 F.3d 21, 27 (1st Cir. 2000).  The court next determined that it lacked federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(4) because (1) the only federal cause of action available under the ICRA is one brought pursuant to its habeas corpus provision, U.S.C. § 1303, see Santa Clara Pueblo v. Martinez, 436 U.S. 49, 61 (1978); (2) the portion of 42 U.S.C. § 1985(2) upon which Milios relied in his first amended complaint prohibits only conspiracies that interfere with the administration of justice in federal courts, see Kush v. Rutledge, 460 U.S. 719, 724 (1983), and no such conspiracy was alleged; and (3) an additional portion of § 1985(2) which prohibits conspiracies to obstruct "the due course of justice in any State or Territory" -- a provision not referenced in the first amended complaint -- could not in any event provide Milios with a cause of action because an essential element of such a claim is a class-based, invidiously discriminatory animus, see Hahn v. Sargent, 523 F.2d 461, 469 (1st Cir. 1975), and Milios had not asserted that he was the victim of conduct so motivated.

Milios has appealed the district court's ruling only insofar as it rejected jurisdiction under the ICRA and the portion of § 1985(2) discussed by the court which his first amended complaint did not recite.  We reject his appeal.  As an initial matter, Milios failed to file a notice of appeal within the thirty days specified in Fed. R. App. P. 4(a)(1)(a).  Although the district court summarily granted Milios's motion to extend the

period of time in which he might take an appeal, see Fed. R. App. P. 4(a)(5)(A), the correctness of this ruling is open to serious doubt because Milios made no effort to establish that he missed the original deadline for good cause or through excusable neglect, see Fed. R. App. P. 4(a)(5)(A)(ii); see also Graphic Communications Intern. Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 3 (1st Cir. 2001). Regardless, Milios's arguments, which are somewhat difficult to understand, do not present us with any basis for concluding that the court misread Santa Clara Pueblo (and this court's cases elaborating upon this decision) or his first amended complaint in concluding that the pleading failed to set forth a colorable federal claim under either the ICRA or any portion of § 1985. We thus affirm on the basis of the lower court's memorandum and order to the extent that it addresses the issues raised by Milios's appeal. See Lawton v. State Mut. Life. Assur. Co. of Am., 101 F.3d 218, 220 (1st Cir. 1996) ("[W]hen a lower court produces a comprehensive, well-reasoned decision, an appellate court should refrain from writing at length to other end than to hear its own words resonate.").

We **affirm** the dismissal of the action.